UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | |
|---|---|
| NANCY LOPEZ ALMODOVAR<br><br>Plaintiff,<br><br>-against-<br><br>FISHER STONE, P.C.,<br>GREGORY STONE, and<br>LOWRANCE FISHER<br><br>Defendants. | Index No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

-----------------------------------------------------------

Plaintiff, Nancy Lopez Almodovar ("Plaintiff"), by her attorney, THE LAW OFFICE OF JON A. STOCKMAN, as and for her Complaint, respectfully alleges the following:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants Fisher Stone, P.C., Gregory Stone, and Lowrance Fisher (collectively "Defendants") pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## JURISDICTION AND VENUE

2. This action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the events giving rise to the claim occurred within this judicial district and the Corporate Defendant resides within this judicial district.

3. This Court possesses jurisdiction over this action because it involves federal claims (FLSA claims).

4. Pursuant to 28 U.S.C. § 1367(a), this Court possesses supplemental jurisdiction over the state claims in this action because they are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

## THE PARTIES

5. Plaintiff is a resident of the State of New York, County of Bronx.

6. At all times relevant to the Complaint, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA and the NYLL.

### *DEFENDANTS*

7. At all times relevant to the Complaint, Defendant Fisher Stone, P.C. is and was a domestic business corporation incorporated in the State of New York with its principal offices located at 42 BROADWAY, SUITE 1744, NEW YORK, NY 10004.

8. At all times relevant to the Complaint, Defendant Fisher Stone, P.C. was Plaintiff's "employer" within the meaning of the FLSA and the NYLL.

9. Upon information and belief, at all times relevant to the Complaint, Defendant Fisher Stone, P.C. had an annual gross volume of sales of not less than $500,000.00.

10. During Plaintiff's employment with Fisher Stone, P.C., such company operated a lawfirm. It is reasonable to assume that at least some of the equipment and supplies used by Defendants and their employees originated outside the State of New York (such as computers, printers, and phones used by Fisher Stone, P.C.).

11. During Plaintiff's employment with Defendants, she and other employees of Defendants used channels of interstate commerce (such as by using the internet and using phones to communicate) to perform work for Defendants.

12. Defendant Fisher Stone, P.C. is/was owned by Defendant Lowrance Fisher and Defendant Gregory Stone.

13. During Plaintiff's tenure with the Corporate Defendant, both individual defendants had the power to hire and fire employees of the Corporate Defendant.

14. Upon information and belief, both individual defendants participated in the decision to hire Plaintiff.

15. Upon information and belief, both individual defendants participated in the decision to terminate Plaintiff.

16. Upon information and belief, both individual defendants determined the amount for which Defendant Fisher Stone, P.C. compensated Plaintiff for her services.

17. Upon information and belief, as co-owners of Defendant Fisher Stone, P.C., both individual defendants determined the hours that the firm was open and the hours that the firm's employees worked.

18. Upon information and belief, as co-owners of Defendant Fisher Stone, P.C., both individual defendants maintained employment records for the firm's employees.

## THE FACTS

19. Plaintiff worked for a lawfirm named Cavallo & Cavallo for over 2 decades.

20. Plaintiff worked for Cavallo & Cavallo as a paralegal.

21. Towards the end of 2024, Defendant Fisher Stone, P.C. entered into an agreement with Orlando Cavallo (partner of Cavallo & Cavallo) whereby it was agreed that said Defendant would associate with Mr. Cavallo for a period of 5 years commencing January 1, 2025.

22. In the aforementioned agreement, Defendant Fisher Stone, P.C. agreed to employ Plaintiff.

23. In the aforementioned agreement, Defendant Fisher Stone, P.C. agreed to pay Plaintiff $1,250 per week plus $150.00 per ACRIS preparation and $500.00 per disinterment.

24. In the aforementioned agreement, Defendant Fisher Stone, P.C. agreed that Plaintiff's duties would include (a) assembling estate planning documents; (b) overseeing the

execution of estate plans, including meeting with clients; (c) visiting clients … as instructed by Cavallo; (d) meeting with clients pertaining to Disinterment, Medicaid, and Deed Transfer; (e) overseeing e-filing all Disinterment and Estate Files with the applicable court; and (f) delivering deeds for filing and recording at the Bronx County Registers Office and the Westchester County Clerks Office.

25. Defendant Gregory Stone signed the aforementioned agreement on behalf of Defendant Fisher Stone, P.C as managing partner of said lawfirm.

26. Beginning January, 2025, Defendant Fisher Stone, P.C. employed Plaintiff as a paralegal.

27. Plaintiff remained employed by Defendant Fisher Stone, P.C. as a paralegal until on or about July 1, 2026.

28. Plaintiff's primary duty as a paralegal for Defendants did not include the exercise of discretion and independent judgment with respect to matters of significance.

29. Defendants violated the FLSA and the NYLL by failing to pay Plaintiff overtime premium pay in any workweek even though she virtually always worked more than 40 hours per week.

30. Based on her recollection, Plaintiff estimates that she typically worked for Defendants at least 47.5 hours per week (and often more than that).

31. Based on her recollection, Plaintiff estimates that during the average workweek, she typically worked for Defendants from at least 9:30am until at least 7pm Monday through Friday (amounting to at least 47.5 hours on average).[1] While there were some workdays during

[1] Plaintiff anticipates being able to provide more accurate estimates after Defendants produce records of the work she performed for Defendants in discovery.

which Plaintiff finished working before 7pm, there were many workdays during which Plaintiff finished working after 7pm.

32. Plaintiff virtually never took a 30 minute uninterrupted lunch break during her tenure with Defendants.

33. In addition to working for Defendants Monday through Friday, Plaintiff typically also worked for Defendants during the weekend as well.

34. Defendants did not provide Plaintiff with an accounting of the hours she worked for Defendants each pay period as required by NYLL 195(3).

35. Defendants did not provide Plaintiff with the wage statements required by NYLL 195(3).

36. Plaintiff respectfully refers the Court to **Exhibit A**, which is an estimated overtime damages spreadsheet based on the presumption that Plaintiff worked 47.5 hours per week each week she worked during her tenure with Defendants. Plaintiff derived the bi-weekly amount Defendants paid her from her bank statements. Plaintiff intends to modify her damages calculation after Defendants produce work records and schedules in discovery.

37. As an example of Defendants' failure to pay Plaintiff overtime premium pay in violation of the FLSA and the NYLL, Defendants only paid Plaintiff $2,500.00 on January 22, 2025 for the two workweeks corresponding to such pay date even though to the best of Plaintiff's recollection, she worked at least 47.5 hours during the workweek beginning Monday January 6, 2025 and at least 47.5 hours during the workweek beginning Monday January 13, 2025. To comply with the FLSA's and the NYLL's overtime requirements, at a flatrate of $1,250.00 per week, Defendants were required to pay Plaintiff at least $1,601.56 per week for 47.5 hours of work.

**<u>FIRST CLAIM FOR RELIEF</u>**
*(Violation of the FLSA: Unpaid Overtime Wages)*

38. Plaintiff repeats and realleges each and every allegation contained herein.

39. Defendants violated the FLSA by failing to pay Plaintiff at the required overtime rate of one and one half times Plaintiff's regular rate of pay for all time she worked over forty (40) hours in a workweek.

40. As a result of Defendants' violation of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages and liquidated damages in an amount equal to Plaintiff's unpaid overtime wages, plus interest, reasonable attorneys' fees, and costs.

**<u>SECOND CLAIM FOR RELIEF</u>**
*(Violation of the NYLL: Unpaid Overtime Wages)*

41. Plaintiff repeats and realleges each and every allegation contained herein.

42. Defendants violated the NYLL by failing to pay Plaintiff at the required overtime rate of one and one half times Plaintiff's regular rate of pay for all time she worked over forty (40) hours in a workweek.

43. As a result of Defendants' violation of the NYLL, Defendants are liable to Plaintiff for unpaid overtime wages and liquidated damages in an amount equal to Plaintiff's unpaid overtime wages, plus interest, reasonable attorneys' fees, and costs.

**<u>THIRD CLAIM FOR RELIEF</u>**
*(Violation of NYLL 195(3))*

44. Plaintiff repeats and realleges each and every allegation contained herein.

45. Defendants violated NYLL § 195(3) by failing to provide Plaintiff with the wage statements required by said law.

46. As a result of Defendants' violation of NYLL § 195(3), Plaintiff is entitled to $5,000.00, plus interest, reasonable attorneys' fees, and costs.

## DEMAND FOR JURY TRIAL

47. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

i. awarding Plaintiff unpaid overtime wages, plus liquidated damages equal to Plaintiff's unpaid overtime wages pursuant to the FLSA;

ii. awarding Plaintiff unpaid overtime wages, plus liquidated damages equal to Plaintiff's unpaid overtime wages pursuant to the NYLL;

iii. awarding Plaintiff damages under NYLL § 195(3);

iv. awarding Plaintiff's cost of this suit;

v. awarding reasonable attorneys' fees;

vi. awarding pre- and post-judgment interest; and

vii. awarding such other and further relief as the court deems just and proper.

Dated: New York, New York
October 15, 2026

*Respectfully submitted*,
**THE LAW OFFICE OF**
**JON A. STOCKMAN**

By: /S/ Jon A. Stockman, Esq.
Jon A. Stockman, Esq.
11 Broadway, Suite 615
New York, New York 10004
(516) 547-6418 telephone
jstockman@yournycattorney.com
Attorney for Plaintiff, Nancy Lopez Almodovar